UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER MORA, and ELIZABETH MORA,<br><br>Plaintiffs<br><br>v.<br><br>LYON MANAGEMENT GROUP, INC.:<br>BASECAMP, and TRIUMPH PROTECTION<br>GROUP, INC., et al.,<br><br>Defendants | Case No.: 3:25-cv-00260-CSD<br><br>**Order**<br><br>Re: ECF No. 11 |

Before the court is defendant Triumph Protection Group, Inc.'s ("Triumph") motion to dismiss the Plaintiffs' first amended complaint. (ECF No. 11.) Plaintiffs have responded (ECF No. 13), and Triumph has replied (ECF No. 14).

## I. BACKGROUND

Plaintiffs initiated this action in state court on December 10, 2024, with the filing of a verified complaint against defendant Lyon Management Group. Lyon was served on January 16, 2025. On April 25, 2025, Plaintiffs filed an amended complaint, adding Triumph as a defendant. At that point, Triumph removed the case to this court. (ECF No. 1.) Triumph thereafter filed its motion to dismiss, arguing: (1) Plaintiffs have failed to state a claim against Triumph, and (2) Plaintiffs filed the amended complaint in violation of Federal Rule of Civil Procedure 15(a).

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719,

723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678. The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. And it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555*.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

/

/

### III. ANALYSIS

The amended complaint alleges as follows: In August 2022, Plaintiffs rented a unit at Basecamp in Reno after touring the property and learning about its amenities. At the time, Basecamp assured them that security would be on site at all times. Basecamp retained Triumph to provide security. However, Plaintiffs noticed that security was often absent from their assigned post, asleep on the job, or failed to tour the grounds.

On December 15, 2022, Plaintiff Javier Mora accidentally left his keys and cell phone in his unit while loading his vehicle for a trip and found himself locked out of the premises without appropriate winter clothes in temperatures as low as 21 degrees. Mr. Mora, believing that security would be somewhere on the premises as promised, expected to find a security guard who could let him into his unit, and he began a frantic search to find one. When he could locate no one, Mr. Mora decided to wait outside the building for a security guard to eventually come along. It is believed Mr. Mora became confused and incoherent and eventually passed out from hypothermia before he was ultimately found by a neighbor sometime later. Mr. Mora suffered a stroke, renal and kidney failure, and frostbite, the latter of which later required amputation of his legs.

Plaintiffs allege that no one from Triumph was present at the property that night. They further assert that "Mr. Mora's injuries were foreseeable in that any security guard doing normal patrols would have inspected the Property and found Mr. Mora." (ECF No. 1-4 at 6.) Plaintiffs allege that Defendants failed to properly staff and secure the Property as represented to Plaintiffs and required by the lease, and this failure directly led to Mr. Mora's injuries.

Plaintiffs assert the following claims against Triumph: (1) negligence; (2) negligent infliction of emotional distress; (3) loss of consortium; (4) respondeat superior; (5) negligent hiring, training, and supervision; and (6) negligent security.

A. Federal Rule of Civil Procedure 15(a)

Triumph moves to dismiss the amended complaint on the grounds that it was filed in violation of Federal Rule of Civil Procedure 15(a). Because the complaint was amended while this action was pending in state court, the federal procedural rules did not at that time apply, and on that basis alone Triumph's motion must be denied. However, even if the federal rules did apply, Triumph's argument is without merit. Rule 15(a) provides:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In 2023, the rule was amended to include the phrase "no later than" in place of "within," as the rule had originally been written. As the advisory committee note explains, this was done

> to measure the time allowed to amend once as a matter of course. A literal reading of "within" would lead to an untoward practice if a pleading is one to which a responsive pleading is required and neither a responsive pleading nor one of the Rule 12 motions has been served within 21 days after service of the pleading. Under this reading, the time to amend once as a matter of course lapses 21 days after the pleading is served and is revived only on the later service of a responsive pleading or one of the Rule 12 motions. *There is no reason to suspend the right to amend in this way. "No later than" makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B).*

*Id.* advisory committee's note to 2023 amendment (emphasis added). While the committee notes are not binding, they are "the most persuasive authority on the meaning of the Federal Rules of

4

Civil Procedure." *In re Kirkland*, 75 F.4th 1030, 1043 (9th Cir. 2023) (citing and quoting *Tome v. United States*, 513 U.S. 150, 167 (1995) (Scalia, J., concurring) (cleaned up).

The court agrees with the advisory committee's interpretation of Rule 15(a), as have many other courts in applying Rule 15(a). *Rogers v. Mountain Valley Unified Sch. Dist.*, No. 2:24-CV-02587-TLN-CSK, 2025 WL 1918071, at *2 (E.D. Cal. July 11, 2025); *Hall v. Evans*, No. 2:25-CV-580, 2025 WL 1911756, at *1 (S.D. Ohio July 11, 2025); *Douglas v. Hinninger*, No. 3:25-CV-00472, 2025 WL 1738669, at *2 n.1 (M.D. Tenn. June 23, 2025); *Sauve v. City of Snoqualmie*, No. C24-1809JLR, 2025 WL 692131, at *2 (W.D. Wash. Mar. 3, 2025); *DePuy Orthopaedics, Inc.*, No. 15-CV-02723-PJH, 2025 WL 604970, at *2 (N.D. Cal. Feb. 25, 2025). Because no responsive pleading had been filed before Plaintiffs amended their complaint, Plaintiffs had the right to amend their pleading once as a matter of course at the time they did so. The complaint was not therefore filed in violation of Rule 15(a).

Assuming Triumph had moved for dismissal pursuant to the appropriate statute -- Nevada Rule of Civil Procedure 15(a) -- the result would be no different. As Triumph notes, the language of the state rule is nearly identical to the federal rule. In fact, the only difference is the state rule maintains the word "within," which was changed in the 2023 federal amendment to "no later than." Prior to 2019, Nevada's Rule 15(a) allowed an amendment at any time before a responsive pleading was filed. When Nevada amended its rule in 2019 to conform to the federal rule, the advisory committed noted that "Rule 15(a)(1) tracks FRCP 15(a)(1) *and permits a plaintiff to amend as a matter of course later than former NRCP 15(a) allowed.*" *Id.* advisory committee note to 2019 amendment (emphasis added). The committee note makes clear that the 2019 amendment expanded – not constricted -- the time for an amendment of right. The rule is

therefore properly interpreted to allow amendment of right any time before a responsive pleading is filed and up to 21 days thereafter, consistent with the federal rule.

Accordingly, Triumph's motion to dismiss pursuant to Federal Rule of Civil Procedure 15(a) will be denied.

B. Federal Rule of Civil Procedure 12(b)(6)

Triumph argues, and Plaintiffs do not dispute, that all of Plaintiffs' claims against Triumph sound in negligence, and therefore in order to sustain any of these causes of action, Plaintiffs must plead facts supporting a reasonable inference that Triumph was the legal cause of their injuries. *See Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996) ("To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages); *see also Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 107 (Nev. 1998), *abrogated on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001) ("Causation consists of two components: actual cause and proximate cause."). Causation, including proximate cause, is generally a question of fact for the jury. *See Cox v. Copperfield*, 507 P.3d 1216, 1230 (Nev. 2022); *Dakis for Dakis v. Scheffer*, 898 P.2d 116, 118 (Nev. 1995); *Frances v. Plaza Pac. Equities, Inc.*, 847 P.2d 722, 724 (Nev. 1993).

Actual cause may be demonstrated either by showing that the "but for the defendant's tortious conduct the plaintiff's damages would not have occurred," *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 101 P.3d 792, 797 (Nev. 2004) (quoting *Dow Chem. Co.*, 970 P.2d at 107) (cleaned up), or that the defendant's "actions were a substantial factor in bringing about [plaintiff's] injury." *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 491, 215

P.3d 709, 724 (2009), *holding modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (Nev 2013).

Proximate cause is "any cause which in natural [foreseeable] and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred." *Id.* Proximate cause "is essentially a policy consideration that limits a defendant's liability to foreseeable consequences that have a reasonably close connection with both the defendant's conduct and the harm which that conduct created." *Dow Chem.*, 970 P.2d at 107. A "This . . . means that defendant must be able to foresee that his negligent actions may result in harm of a particular variety to a certain type of plaintiff [but] . . . does not mean . . . that defendant must foresee the extent of the harm, or the manner in which it occurred." *Sims v. Gen. Tel. & Elecs.*, 815 P.2d 151, 156–57 (Nev. 1991), *overruled on other grounds by Tucker v. Action Equip. & Scaffold Co.*, 951 P.2d 1027 (Nev. 1997) (cleaned up).

Triumph argues Plaintiff's factual allegations do not support an inference that it was the actual or proximate cause of Plaintiff's injuries. Triumph argues that Mr. Mora's injuries were substantially caused by his own actions: leaving the apartment in frigid temperatures, locking himself out, and then deciding to wait outside instead of in his vehicle or seeking assistance of nearby businesses. Triumph further argues the harm suffered by Mr. Mora was not foreseeable, either in that he would get locked out in cold temperatures or that he would wait for a security officer instead of finding someplace warm once locked out.

Plaintiffs argue that Triumph's failure to provide security was a substantial factor in Mr. Mora's injuries because if security had been at Basecamp that night, Mr. Mora would have been let into the common room and would not have remained outside overnight. They further argue

that Mr. Mora's injuries were foreseeable because notice was provided to Basecamp and Triumph that security was not regularly on site.

      First, many of the arguments raised by Plaintiffs in their opposition are not found in the amended complaint itself. Further, even if they were, the complaint still lacks sufficient facts to state a *plausible* claim that Triumph actually or proximately caused Plaintiff's injuries. Plaintiffs allege in their complaint that no security was on site and that if it had been, Mr. Mora would have been found.[1] But the second part of this allegation is a bare assertion unsupported by any facts. The complaint does not allege, for example, the frequency and length of security patrols, the locations that were patrolled, whether Mr. Mora was in one of those locations, or when and how long security was supposed to be at the front desk, sufficient to draw a reasonable inference that, had security been at Basecamp the evening of the incident, a guard would have found Mr. Mora within the time frame in which he could have been helped. Plaintiffs have not sufficiently alleged that Triumph was the actual cause of Mr. Mora's injuries.

      Second, the complaint alleges no facts supporting an inference that Mr. Mora's injuries were a foreseeable consequence of a failure to provide security. While Plaintiffs claim that several meetings were held with Basecamp regarding the lack of security, not only are those allegations not in the complaint, but there are no facts alleged suggesting, for example, that Triumph was aware of these meetings or that the meetings put Triumph specifically on notice that a lack of security guards would put tenants at danger of being locked out. There are no facts alleged about security's role letting people into their building when locked out or what facts

---

[1] While Triumph contests Plaintiffs' claim that no security was on site, all facts alleged in the complaint must be accepted as true in evaluating the motion to dismiss.

would make it foreseeable to security that a tenant of Basecamp locked out of the building would choose to sit outside rather than find somewhere safe to be.

Accordingly, the court agrees with Triumph that the complaint fails to state any claim sounding in negligence against Triumph because it does not allege facts sufficient to support an inference that Triumph was the legal cause of Plaintiffs' injuries. Because all of Plaintiff's claims against Triumph sound in negligence, the complaint will therefore be dismissed without prejudice, with leave to amend.[2]

### IV. CONCLUSION

(1) Plaintiffs' amended complaint (ECF No. 1-4) is accordingly DISMISSED WITHOUT PREJUDICE, with leave to amend.

(2) Plaintiffs have **30 DAYS** from the date of this Order to file a second amended complaint. Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: August 12, 2025

_____
Craig S. Denney
United States Magistrate Judge

---

[2] The court is not persuaded by any of the arguments Triumph makes in opposition to allowing amendment of the complaint.