UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER MORA, and ELIZABETH MORA,<br><br>Plaintiffs<br><br>v.<br><br>LYON MANAGEMENT GROUP, INC.:<br>BASECAMP, and TRIUMPH PROTECTION<br>GROUP, INC., et al.,<br><br>Defendants | Case No.: 3:25-cv-00260-CSD<br><br>**Order**<br><br>Re: ECF No. 22 |

Before the court is defendant Triumph Protection Group, Inc.'s ("Triumph") motion to dismiss Plaintiffs' second amended complaint. (ECF No. 22.) Plaintiffs have responded (ECF No. 30), and Triumph has replied (ECF No. 33).

## I. BACKGROUND

Plaintiffs Javier Mora and Elizabeth Mora initiated this action in state court on December 10, 2024, with the filing of a verified complaint against defendant Lyon Management Group. Lyon was served on January 16, 2025. On April 25, 2025, Plaintiffs filed an amended complaint, adding Triumph as a defendant. At that point, Triumph removed the case to this court. (ECF No. 1.)

Triumph thereafter filed a motion to dismiss, which the court granted on the basis that Plaintiffs had failed to state a claim against Triumph. The court granted Plaintiffs leave to file an amended complaint, which Plaintiffs did. Triumph again moves to dismiss the Second Amended Complaint in its entirety, or at least Claims Five and Six, for failure to state a claim.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678. The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. And it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

### III. ANALYSIS

The Second Amended Complaint alleges as follows.

Defendant Basecamp is an apartment complex consisting of three apartment buildings with a parking lot in between and a security gate surrounding the property. Units in the complex are accessible only with a unit key, and amenities in the complex are accessible only with a resident key fob.

When Plaintiffs toured Basecamp, Basecamp provided several guarantees about the safety and security of the property, including that security would be provided on site at all times. Basecamp told Plaintiffs that security would perform routine and regular patrols of the common areas and be available to assist tenants should they experience issues, including forgetting their key fobs and being locked out of their units or amenities. Plaintiffs thereafter, in August 2022, entered into a rental agreement for a unit at Basecamp.

Basecamp hired Triumph to provide security at the property and to assist residents if any safety, access, or security issues occurred at the Property. However, Plaintiffs noticed that security was often absent from their assigned post, asleep on the job, or failed to tour the grounds. Basecamp was notified of these security failures during community meetings. Basecamp represented at the meetings that security would be on the property at all times, in their assigned locations, and performing their assigned duties, including routine patrols of the common areas.

On December 15, 2022, Plaintiff Javier Mora ("Mr. Mora") accidentally left his keys and cell phone in his unit while loading his vehicle for a trip and found himself locked out of his unit

and all other buildings on the property. He lacked appropriate winter clothes, and the temperatures were as low as 21 degrees. Mr. Mora believed his best option would be to find security personnel to help him get back into his apartment. Based on the assurances of Basecamp, he assumed he would find a security guard on the property within thirty minutes. Mr. Mora searched the property, including the security office, but he was unable to locate anyone on the property. He also tried to obtain access to the two other apartment buildings and the amenities, but he was unable to do so without his key fob.

When he could locate no one, Mr. Mora decided to wait in the common area for a security guard to come along. He did so believing that he would eventually encounter security, as he had previously seen security patrolling the parking lot area where he was located on a routine and regular basis, usually once per hour. Mr. Mora positioned himself in a location with no visual obstructions so he could be easily found.

Plaintiffs allege that no one from Triumph was present at the property that night. Mr. Mora remained outside in frigid temperatures for hours, through the evening and into the morning. Plaintiffs believe Mr. Mora became confused and incoherent and eventually passed out from hypothermia before he was ultimately found by a neighbor sometime later. Mr. Mora suffered a stroke, renal and kidney failure, and frostbite, the latter of which later required amputation of his legs.

Plaintiffs assert the following claims against Triumph: (1) negligence; (2) negligent infliction of emotional distress; (3) loss of consortium; (4) respondeat superior; (5) negligent hiring, training, and supervision; and (6) negligent security.

/ / /

/ / /

### A. Legal Cause

Triumph argues, and Plaintiffs do not dispute, that Plaintiffs' claims against Triumph sound in negligence. Thus, in order to sustain any of these causes of action, Plaintiffs must plead facts supporting a reasonable inference that Triumph was the legal cause of their injuries. *See Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996) ("To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages); *see also Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 107 (Nev. 1998), *abrogated on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001) ("Causation consists of two components: actual cause and proximate cause."). Causation, including proximate cause, is generally a question of fact for the jury. *See Cox v. Copperfield*, 507 P.3d 1216, 1230 (Nev. 2022); *Dakis for Dakis v. Scheffer*, 898 P.2d 116, 118 (Nev. 1995); *Frances v. Plaza Pac. Equities, Inc.*, 847 P.2d 722, 724 (Nev. 1993).

Actual cause may be demonstrated either by showing that the "but for the defendant's tortious conduct the plaintiff's damages would not have occurred," *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 101 P.3d 792, 797 (Nev. 2004) (quoting *Dow Chem. Co.*, 970 P.2d at 107) (cleaned up), or that the defendant's "actions were a substantial factor in bringing about [plaintiff's] injury." *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 491, 215 P.3d 709, 724 (2009), *holding modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (Nev 2013).

Proximate cause is "any cause which in natural [foreseeable] and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred." *Id.* Proximate cause "is essentially a policy

1  consideration that limits a defendant's liability to foreseeable consequences that have a
2  reasonably close connection with both the defendant's conduct and the harm which that conduct
3  created." *Dow Chem.*, 970 P.2d at 107. "This . . . means that defendant must be able to foresee
4  that his negligent actions may result in harm of a particular variety to a certain type of plaintiff
5  [but] . . . does not mean . . . that defendant must foresee the extent of the harm, or the manner in
6  which it occurred." *Sims v. Gen. Tel. & Elecs.*, 815 P.2d 151, 156–57 (Nev. 1991), *overruled on*
7  *other grounds by Tucker v. Action Equip. & Scaffold Co.*, 951 P.2d 1027 (Nev. 1997) (cleaned
8  up).

9       Triumph argues Plaintiffs' factual allegations do not support an inference that it was the
10 actual or proximate cause of Mr. Mora's injuries.

11      As to actual cause, Triumph argues that Plaintiff's allegations do not support a reasonable
12 inference that the absence of security was a substantial factor in bringing about Mr. Mora's
13 injuries. Triumph argues that Mr. Mora's injuries were substantially caused by his own actions:
14 leaving the apartment in frigid temperatures and insufficiently warm clothing, locking himself
15 out, and then deciding to wait outside instead of in his vehicle or seeking assistance of nearby
16 businesses. Plaintiffs respond that Triumph's failure to provide security was a substantial factor
17 in Mr. Mora's injuries because if security had been at Basecamp that night, as it was supposed to
18 be, a security officer would have found Mr. Mora and let him into a common room, so he would
19 not have remained outside overnight.

20      As to proximate cause, Triumph argues that Mr. Mora's injuries were not a foreseeable
21 consequence of its alleged negligence. Triumph asserts that its negligence did not contribute to
22 the original harm, which was the result of Mr. Mora's own choices, and that it was not
23 foreseeable that a tenant would choose to wait in the freezing cold instead of pursuing other

options. Triumph also argues that given there were times security was not being adequately provided, Mr. Mora's choice to wait it out for security to come around was entirely unforeseeable. Finally, Triumph argues that nowhere do Plaintiffs allege it made any representations to the tenants. Rather, all representations on which Mr. Mora relied were made by Basecamp, so those representations could not have made Mr. Mora's injuries foreseeable to Triumph.

Plaintiffs argue that Defendants knew residents would sometimes forget their key fobs or that their key fobs would not be working, and that, in these situations, they would rely on security for assistance. Plaintiffs allege this was in fact foreseeable, as was the tenants' reliance on promises that security would be on-site and available to provide such assistance. Plaintiffs assert that Defendants were aware of how cold it was outside the evening of December 15, 2022, and that it was foreseeable that a resident might forget their unit key or fob and need assistance from security to get back into the building on that cold evening. Plaintiffs argue that, although it was Basecamp that was told of the security lapses, a reasonable inference can be drawn Basecamp communicated about the issue with Triumph.

Plaintiffs have alleged that Triumph was supposed to be regularly patrolling the common areas at Basecamp -- at least once per hour -- that tenants relied on security officers to regularly patrol and assist them in entering common spaces when they were locked out, and that Triumph knew tenants relied on its officers in this way.[1] They have alleged that Mr. Mora relied on representations that security would regularly patrol when he decided to wait in the parking lot for a security guard, and that, if security had been performing as it was supposed to, Mr. Mora

---

[1] Although the promises made to the tenants came from Basecamp, the court agrees that it is reasonable to infer, for purposes of the motion to dismiss, that Basecamp would have conveyed that information to Triumph -- because Triumph was responsible for carrying out those promises.

would have been found and let inside. Plaintiffs have sufficiently alleged that Triumph's negligence was at least a contributing, even if perhaps not the only, cause of Mr. Mora's injuries.[2] Plaintiffs have also sufficiently alleged, for the purposes of a motion to dismiss, that it would be foreseeable to Triumph that a resident might get locked out in the cold and need assistance from security to enter the building. The question of foreseeability will depend on all the facts as they are found in discovery, and this is a matter more appropriately considered at the close of discovery on a motion for summary judgment.

The court concludes that Plaintiffs have alleged sufficient facts supporting cause to withstand the second motion to dismiss. Accordingly, the motion to dismiss will, in this respect, be denied.

**B. Claims Five and Six**

In the alternative, Triumph argues that Claims Five and Six should be dismissed for failure to state a claim. Claim Five alleges respondeat superior, and Claim Six alleges negligent hiring, training, and supervision.

    1. <u>Respondeat Superior</u>

In general, respondeat superior holds an employer vicariously liable for the tortious acts of its employee if the employee was under the control of the employer and acting in the scope of his or her employment. *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). *But see* Nev. Rev. Stat. § 41.745 (limiting employer's liability for employee's intentional conduct).

/ / /

---

[2] Whether and to what extent Mr. Mora's choices impact the ultimate analysis of actual cause is not a matter for a motion to dismiss where the claim is otherwise sufficiently alleged.

Triumph argues that nothing in the Second Amended Complaint alleges tortious conduct on the part of a Triumph employee; rather, the complaint alleges only that Triumph itself was negligent for failing to provide security. Thus, Triumph asserts, Plaintiffs have not stated a claim of respondeat superior.

Plaintiffs respond that Triumph can only act through its employees, so all allegations against Triumph are the acts or omissions of its employees. They argue there are numerous ways in which Triumph employees could have been negligent in a way that must be imputed to their employer. Specifically, they assert discovery will reveal whether the negligent actor was (1) an employee who did not show up for his or her shift at Basecamp; (2) an employee who did not schedule someone to cover the shift at Basecamp, or (3) an employee who was on site but did not do what he was supposed to do. Whatever the reason for the lapse in security, they argue, Triumph is vicariously liable for that negligence. (ECF No. 30 at 11-12.)

The complaint alleges that "there were no security guards anywhere on the Property and no security guards conducted their patrols that evening" and that Triumph is liable for the actions of "the security personnel that should have been on duty for the evening of December 15, 2022." (ECF No. 21 at 7, 15.) Despite Plaintiffs' citation to numerous other paragraphs of their complaint, the allegations of negligence get no more specific, and none of the paragraphs allege that an employee failed to schedule security, that an employee who was scheduled to work failed to show up for work at the site, or that an employee – although there -- failed to do their job. Clearly, these allegations would have to be pled on information and belief and in the alternative, but Plaintiffs' failure to include any specific factual allegations in their complaint renders their vicarious liability claim insufficiently pled. The motion to dismiss the respondeat superior claim

will therefore be granted. However, because it appears this deficiency could be remedied by amendment, the court will grant Plaintiffs leave to amend this claim.

### 2. Negligent Hiring, Training, and Supervision

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF Inc.*, 930 P.2d 94, 98 (Nev. 1996) (internal quotation marks omitted). Negligent training and supervision requires an employer "to use reasonable care in the training, supervision, and retention of [its] employees to make sure the employees are fit for their positions." *Id.* at 99.

> To establish a claim for negligent hiring, training, retention, or supervision of employees, a plaintiff must show (1) a duty of care defendant owed the plaintiff; (2) breach of "that duty by hiring, training, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages.

*Freeman Expositions, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (Nev. 2022); *see also Bradford v. Owens*, 533 P.3d 352 (Nev. App. 2023) ("To state a claim for negligent training and supervision in Nevada, [Bradford] must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation.") (quoting *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013)); *Helle v. Core Home Health Servs. of Nevada*, 238 P.3d 818 (Nev. 2008) (unpublished disposition) ("The tort of negligent training and supervision imposes direct liability on the employer if (1) the employer knew that the employee acted in a negligent manner, (2) the employer failed to train or supervise the

employee adequately, and (3) the employer's negligence proximately caused the plaintiffs injuries.").

Triumph argues this claim offers nothing but conclusory legal assertions unsupported by any factual allegations. Even in their opposition, Plaintiffs fail to argue any facts that would support these claims. The most specific allegation present in the amended complaint is that Basecamp was advised of "instances when security was not provided on the Property as promised . . . . Specifically, there were instances where security was not in their assigned locations, not touring the grounds but remaining in their security location, as well as sleeping on the job." (ECF No. 21 at 4.)

Even drawing the reasonable inference that these lapses were communicated to Triumph, it is not reasonable to infer further, without additional factual allegations, that these same failures took place the evening of December 15, 2022, *and that they were the result of Triumph's negligent training and/or supervision.* Furthermore, nothing in the complaint comes even close to alleging a fact that would support a negligent hiring claim, *i.e.*, that Triumph knew or should have known of a particular employee's dangerous tendencies (in this case, failure to do their job properly), nonetheless hired that employee, and that employee was the cause of Plaintiffs' injuries.

Accordingly, the court agrees that the complaint fails to adequately state a claim for negligent hiring, training, and supervision. The Sixth Claim for Relief will therefore be dismissed without prejudice, with leave to amend.

/ / /

/ / /

/ / /

## IV. CONCLUSION

(1) Triumph's motion to dismiss (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Plaintiff's claims of respondeat superior and negligent hiring, training, and supervision. Those two claims are hereby dismissed without prejudice, with leave to amend. In all other respects, the motion is denied without prejudice to renew at the close of discovery as a motion for summary judgment.

(2) Plaintiffs will have twenty (20) days within which to file an amended complaint to attempt to state their claims for respondeat superior and negligent hiring, training, and supervision.

**IT IS SO ORDERED**.

Dated: November 20, 2025

_____
Craig S. Denney
United States Magistrate Judge